**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HUGO SANCHEZ DE LA ROSA**                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-164**

**ELAINE KING, ET AL.**                               **SECTION: "G"**


## ORDER AND REASONS

Plaintiff Hugo Sanchez De La Rosa ("Plaintiff") brings this suit against Defendants Elaine King ("King") and Owners Insurance Company ("Owners Insurance") (collectively, "Defendants").[1] Plaintiff seeks to recover damages from Defendants for injuries arising out of a car accident.[2] Before the Court is Defendants' "12(b)(6) Motion to Dismiss."[3] Plaintiff opposes the motion.[4] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

On January 25, 2021, Plaintiff filed a complaint in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] On February 2, 2021, Plaintiff filed an amended complaint.[6]

---

[1] Rec. Doc. 1, 5.

[2] *Id.*

[3] Rec. Doc. 9.

[4] Rec. Doc. 12.

[5] Rec. Doc. 1.

[6] Rec. Doc. 5.

Plaintiff alleges that on January 22, 2020, he was driving a car with an attached trailer on Interstate 10 in St. Tammany Parish.[7] Plaintiff alleges that his vehicle was rear-ended by a car driven by King, "causing [Plaintiff's] vehicle to travel off road and overturning its trailer."[8] Plaintiff claims that at the time of the accident, King was insured under a policy provided by Owners Insurance.[9]

Plaintiff seeks damages for (i) past and future physical pain, suffering, and discomfort, (ii) past and future mental anguish, aggravation, and annoyance, (iii) disability, (iv) past and future medical expenses, (v) loss of enjoyment of life, (vi) disability from engaging in recreation, and (vii) destruction of earning capacity.[10]

On March 24, 2021, Defendants filed the instant motion to dismiss.[11] On April 27, 2021, Plaintiff filed an opposition to the motion.[12] On May 7, 2021, with leave of Court, Defendants filed a reply in further support of the motion to dismiss.[13]

---

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* at 3.

[10] *Id.* at 4.

[11] Rec. Doc. 9.

[12] Rec. Doc. 12.

[13] Rec. Doc. 15.

## II. Parties' Arguments

### A.  *Defendants' Arguments in Support of the Motion*

Defendants urge the Court to dismiss Plaintiff's claims as they were not timely filed.[14] Defendants assert that because Plaintiff's claims are delictual in nature, Plaintiff had a one-year deadline to file his suit.[15] Defendants highlight that Plaintiff filed this suit over a year after the alleged accident at issue in this litigation.

Defendants note that Governor John Bel Edwards' Proclamation JBE-2020-30 (the "2020-30 Proclamation") suspended legal deadlines due to the COVID-19 pandemic.[16] However, Defendants contend that the 2020-30 Proclamation, which was extended numerous times by Governor Edwards and eventually codified by the Louisiana legislature in Louisiana Revised Statute § 9:5830, only suspended legal deadlines that expired between March 17, 2020 and July 5, 2020.[17] Given that Plaintiff's deadline to file this suit was January 22, 2021, a year after the alleged accident on January 22, 2020, Defendants argue that Plaintiff's claims were not affected by the Governor's proclamations and are therefore prescribed.[18]

### B.  *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff does not dispute that Louisiana Revised Statutes §§ 9:5828–5830 suspended the prescriptive period for only claims that expired between March 17, 2020 through

---

[14] Rec. Doc. 9-1.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* at 4.

[18] *Id.*

July 5, 2020.[19] Plaintiff contends, however, that these statutes run counter to Louisiana Civil Code Article 3472, which provides that a period of suspension should not be counted against a prescriptive period but instead that a prescriptive period begins to run again at the termination of a suspension period.[20]

Further, Plaintiff claims that Governor Edwards signed a separate executive order following the 2020-30 Proclamation and the enactment of Louisiana Revised Statutes §§ 9:5828–5830, Proclamation 2020-84 (the "2020-84 Proclamation"), which suspended prescriptive periods between March 17, 2020 and July 5, 2020 without any limiting language.[21] Plaintiff argues that Proclamation 2020-84 therefore applied to suspend his claims for 112 days.[22] Thus, Plaintiff contends that his claim is not untimely.[23]

## C.  Defendants' Arguments in Further Support of the Motion

In reply, Defendants contend that Louisiana Revised Statutes §§ 9:5828–5830 and the limiting language found therein also apply to the 2020-84 Proclamation.[24] Defendants argue that the language of the statutes indicate that the statutes, including the limitations on prescription, are meant to apply to all future extensions of the 2020-30 Proclamation, which Defendants allege includes the 2020-84 Proclamation.[25] Moreover, Defendants contend that the legislative history

---

[19] Rec. Doc. 12 at 2.

[20] *Id.* at 3.

[21] *Id.* at 4–5.

[22] *Id.*

[23] *Id.*

[24] Rec. Doc. 15 at 1.

[25] *Id.* at 3.

makes clear that the statutes are meant to preempt any conflicting statutes, including Louisiana Civil Code Article 3472.[26]

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[27] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[28] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[29]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[30] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[31] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[32]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal

---

[26] *Id.*

[27] Fed. R. Civ. P. 12(b)(6).

[28] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[30] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[31] *Iqbal*, 556 U.S. at 678.

[32] *Id.*

conclusions as true.[33] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[34] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[35] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[36]

## IV. Analysis

The facts in this case are undisputed. The car accident at issue in this litigation occurred on January 22, 2020. Under Louisiana Civil Code Article 3492, Plaintiff was required to file suit within a year of the accident. Plaintiff did not commence this litigation until January 25, 2021, one year and three days after the accident at issue.

The disagreement among the parties, therefore, hinges on whether Plaintiff's claims were suspended under proclamations issued by Governor Edwards during the COVID-19 pandemic and which were later ratified by the legislature in Louisiana Revised Statutes §§ 9:5828–5830. Defendants contend that Plaintiff's claim was unaffected by the executive orders and the statutes because they only served to suspend deadlines that *expired* between March 17, 2020 and July 5, 2020. Given that Plaintiff's prescriptive period expired on January 22, 2021, Defendants argue that Plaintiff's claims were not suspended. In opposition, Plaintiff argues his claims were suspended and therefore this suit is timely.

---

[33] *Id.* at 677–78.

[34] *Id*. at 679.

[35] *Id*. at 678.

[36] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Due to the COVID-19 pandemic, Louisiana Governor John Bel Edwards issued Proclamation Number 25 JBE 2020 (the "2020-25 Proclamation") on March 11, 2020, titled "Public Health Emergency – COVID-19."[37] In the 2020-25 Proclamation, Governor Edwards declared a statewide public health emergency.[38] Thereafter, on March 16, 2020, Governor Edwards issued the 2020-30 Proclamation, titled "Additional Measures for COVID-19 Public Health Emergency."[39] The 2020-30 Proclamation provided for additional COVID-19 related measures, including ordering that "[l]egal deadlines, including liberative prescription and peremptive periods applicable to legal proceedings in all courts, administrative agencies, and boards, are hereby suspended until at least Monday, April 13, 2020."[40] On April 2, 2020, Governor Edwards extended this suspension of legal deadlines until April 30, 2020.[41] On April 30, 2020, Governor Edwards again extended the suspension of legal deadlines until May 15, 2020.[42] On May 14, 2020, Governor Edwards once again extended the suspension of legal deadlines to June 5, 2020.[43] On June 4, 2020, Governor Edwards suspended legal deadlines until June 15, 2020.[44]

Thereafter, the Louisiana legislature passed Louisiana Revised Statutes §§ 9:5828–5830,

---

[37] *See* Proclamation Number JBE 2020-25

[38] *Id.*

[39] *See* Proclamation Number JBE 2020-30.

[40] *Id.*

[41] *See* Proclamation Number JBE 2020-41.

[42] *See* Proclamation Number JBE 2020-52.

[43] *See* Proclamation Number JBE 2020-59.

[44] *See* Proclamation Number JBE 2020-75.

effective as of June 9, 2020 but to be applied retroactively.[45] Through the statutes, the legislature sought to "approve[], ratif[y], and confirm[]" the suspension of legal deadlines found first in the 2020-30 Proclamation and thereafter extended in later proclamations. The statutes cabined the effect of such proclamations to suspend only those legal deadlines that expired between March 17, 2020, and July 5, 2020.

Specifically, Louisiana Revised Statute § 9:5828 provides:

A. The legislature finds that the COVID-19 public health emergency created a statewide emergency disrupting and forcing the closure of certain courts and public offices and further resulting in the displacement of courts, offices, clients, and counsel. This Part is enacted for the benefit and protection of the state as a whole and its citizens, and to prevent injustice, inequity, and undue hardship to persons who were prevented by the COVID-19 public health emergency from timely access to courts and offices in the exercise of their legal rights, including the filing of documents and pleadings as authorized or required by law. Therefore, this Part shall be liberally construed to effect its purposes.

B. The action of the governor of this state in issuing Proclamation Number JBE 2020-30 **and any extensions thereof** are hereby approved, ratified, and confirmed subject to the provisions of this Part. (emphasis added).

Louisiana Revised Statute § 9:5829 provides, in pertinent part:

A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, abandonment periods, and all peremptive periods shall be subject to a limited suspension or extension during the time period of March 17, 2020, through July 5, 2020; **however, the suspension or extension of these periods shall be limited and shall apply only if these periods would have otherwise expired during the time period of March 17, 2020, through July 5, 2020**. The right to file a pleading or motion to enforce any right, claim, or action which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020. (emphasis added).

Louisiana Revised Statute § 9:5830 provides, in pertinent part:

A. All deadlines in legal proceedings that were suspended by Proclamation Number JBE 2020-30 and **any extensions thereof** shall be subject to a limited suspension or extension until July 6, 2020; **however, the suspension or**

---

[45] Acts 2020, No. 162, §3.

> **extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise expired during the time period of March 17, 2020, through July 5, 2020.** The right to file a pleading or motion to enforce any deadline in legal proceedings which would have expired during the time period of March 17, 2020, through July 5, 2020, shall expire on July 6, 2020. (emphasis added).

The plain language of these statutes makes clear that only legal deadlines that *expired between* March 17, 2020 and July 5, 2020 were suspended. Thus, the prescriptive period for Plaintiff's claim, for which the deadline to file was January 22, 2021, was not affected by the statutes.[46]

Despite acknowledging that the statutes sought to "modify the effect of the suspension of prescription and statutorily limit it to a certain time period, March 17, 2020 – July 5, 2020," Plaintiff argues that his claim was separately suspended by the 2020-84 Proclamation, issued on June 25, 2020, after the enactment of Louisiana Revised Statutes §§ 9:5828–5830.[47] The 2020-84 Proclamation provides that "[l]iberative prescriptive and peremptive periods applicable to legal proceedings in all courts, administrative agencies, and boards are suspended through July 5, 2020." Plaintiff argues that because the 2020-84 Proclamation, unlike Louisiana Revised Statutes §§ 9:5828–5830, did not contain limiting language indicating that it only applied to claims that expired between March 17, 2020 and July 5, 2020, such proclamation applied to suspend all legal deadlines, including Plaintiff's, for 112 days.

Plaintiff's argument fails to account, however, for the plain language of Louisiana Revised

---

[46] While Plaintiff correctly points out that Louisiana Civil Code article 3472 provides that generally "[t]he period of suspension is not counted toward accrual of prescription" and "prescription commences to run again upon the termination of the period of suspension," the legislative notes to Louisiana Revised Statutes §§ 9:5828–5830 make clear that Louisiana Revised Statutes §§ 9:5828–5830 preempt Article 3472. *See* Acts 2020, No. 162, §2; *see also Am. Glob. Ins. Co., Inc. v. 4503 Prytania St, LLC*, 2020-0438 (La. App. 4 Cir. 4/14/21) (holding that deadlines that expired between March 17, 2020 and July 5, 2020 were subject to a "limited suspension" until July 6, 2020).

[47] Rec. Doc. 12 at 3.

Statutes §§ 9:5828–5830. In passing such statutes, the legislature clearly provided that any extensions of the 2020-30 Proclamation were subject to the terms of the statutes, including the language limiting suspension to deadlines expiring between March 17, 2020 and July 5, 2020 found therein.[48]

The 2020-84 Proclamation is one of many extensions of the 2020-30 Proclamation. The language of the 2020-84 Proclamation mirrors that of the 2020-30 Proclamation while extending the suspension period to July 5, 2020. The 2020-84 Proclamation's title further confirms its status as an extension of the 2020-30 Proclamation, as it is titled "**Renewal** of State of Emergency for COVID-19 Extension of Emergency Provisions."[49] The Office of the Governor's website summarizes the 2020-84 Proclamation as a "COVID-19 **Extension** of Emergency Provisions."[50] Therefore, the 2020-84 Proclamation is subject to Louisiana Revised Statutes §§ 9:5828–5830 and only provides for a suspension of legal deadlines for claims that expired between March 17, 2020 and July 5, 2020. Given that the prescriptive period for Plaintiff's claims did not expire within this time, Plaintiff had one year to file suit. Plaintiff failed to do so and thus, his claims against Defendants relating to the January 22, 2020 car accident prescribed prior to Plaintiff's filing of the instant suit.

---

[48] La. R.S. 9:5828; *see also Aples v. Administrators of Tulane Educ. Tr.*, No. 20-2451, 2021 WL 1123560, at *5 (E.D. La. Mar. 24, 2021) (Vitter, J.) (noting that "[n]o subsequent executive order overrode" the language of Louisiana Revised Statutes § 9:5829).

[49] *See* Proclamation Number JBE 2020-84 (emphasis added).

[50] *Proclamations*, Office of the Governor, https://gov.louisiana.gov/index.cfm/newsroom/category/10?si =251.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Elaine King and Owners Insurance Company's "Motion to Dismiss"[51] is **GRANTED**. Plaintiff Hugo Sanchez De La Rosa's claims against Defendants Elaine King and Owners Insurance Company are **DISMISSED WITH PREJUDICE** as they were not timely filed.

**NEW ORLEANS, LOUISIANA,** this 18th day of October, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[51] Rec. Doc. 9.

11