UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HUGO SANCHEZ DE LA ROSA                          CIVIL ACTION

VERSUS                                           NO. 21-164

ELAINE KING et al.                               SECTION: "G"

## ORDER AND REASONS

On January 25, 2021, Plaintiff Hugo Sanchez ("Plaintiff") filed this suit against Defendants
Elaine King ("King") and Owners Insurance Company ("Owners Insurance") (collectively,
"Defendants").[1] Plaintiff brings claims for damages allegedly sustained as the result of an
automobile collision that occurred on January 22, 2020.[2] On October, 18, 2021, this Court granted
Defendants' motion to dismiss because the Court found that Plaintiff's claims were not timely filed
within the one-year prescriptive period.[3] Pending before the Court is Plaintiff Hugo Sanchez De
La Rosa's ("Plaintiff") "Rule 59 Motion for New Trial and to Reconsider the Court's Ruling on
Defendant's 12(b)(6) Motion to Dismiss."[4] Plaintiff now seeks reconsideration of that order.[5]
Considering the motion, the memoranda in support and opposition, the record, and the applicable
law, the Court denies the motion.

---

[1] Rec. Docs. 1, 5.

[2] *Id.*

[3] Rec. Doc. 19.

[4] Rec. Doc. 21.

[5] Rec. Doc. 21.

# I. Background

On January 25, 2021, Plaintiff filed a complaint in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] On February 2, 2021, Plaintiff filed an amended complaint.[7]

Plaintiff alleges that on January 22, 2020, he was driving a car with an attached trailer on Interstate 10 in St. Tammany Parish.[8] Plaintiff alleges that his vehicle was rear-ended by a car driven by King, "causing [Plaintiff's] vehicle to travel off road and overturning its trailer."[9] Plaintiff claims that at the time of the accident, King was insured under a policy provided by Owners Insurance.[10]

Plaintiff seeks damages for (i) past and future physical pain, suffering, and discomfort, (ii) past and future mental anguish, aggravation, and annoyance, (iii) disability, (iv) past and future medical expenses, (v) loss of enjoyment of life, (vi) disability from engaging in recreation, and (vii) destruction of earning capacity.[11]

On March 24, 2021, Defendants filed a motion to dismiss.[12] On October 18, 2021, the Court granted the motion to dismiss.[13] The Court ruled that Plaintiff's claims prescribed because Plaintiff did not file suit within one year of the accident.

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 5.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.* at 4.

[12] Rec. Doc. 9.

[13] Rec. Doc. 19.

On November 1, 2021, Plaintiff filed the instant motion for reconsideration.[14] On November 22, 2021, Defendants filed an opposition to the motion.[15]

## II. Parties' Arguments

### A.   *Plaintiff's Arguments in Support of the Motion*

Plaintiff argues that the Court made an "unfortunate error of law" in ruling that Plaintiff's claim was prescribed.[16] Plaintiff argues that his claim is not prescribed for three reasons. First, Plaintiff argues that Governor Edwards Order JBE 2020-84 suspended the prescriptive period governing Plaintiff's claim.[17] Plaintiff points out that Louisiana Revised Statute § 9:5830, which limits the effect of the Governor's orders to deadlines that expired between March 17, 2020 and July 5, 2020, applies only to deadlines "that were suspended by Proclamation Number JBE 2020-30 and any extensions thereof."[18] Plaintiff argues that JBE 2020-84, which was issued after the enactment of the Louisiana law, is "an extension of Proclamations JBE 2020-25 and 75; not JBE 2020-30."[19] Therefore, Plaintiff contends that the limitation in § 9:5830 that only deadlines that expired between March 17, 2020 and July 5, 2020 were suspended does not apply to his claim.[20]

Second, Plaintiff contends that the limitation on suspension of deadlines that expired between March 17, 2020 and July 5, 2020 is "inherently incongruent with LA C.C. Art. 3472," which states that "[t]he period of suspension is not counted toward accrual of prescription.

---

[14] Rec. Doc. 21.

[15] Rec. Doc. 22.

[16] Rec. Doc. 21-1.

[17] *Id.* at 2–3.

[18] *Id.* at 3.

[19] *Id.*

[20] *Id.*

Prescription commences to run again upon the termination of the period of suspension."[21]

Lastly, Plaintiff contends that the prescriptive period for his claim was separately suspended by the August 28, 2020 Order of the Louisiana Supreme Court.[22] That order suspended "[a]ll prescriptive and peremptive periods . . . for a period of thirty days commencing from the Governor's August 21, 2020 declaration of state of emergency."[23] Plaintiff argues that this order "effectively made the prescriptive date in this matter not January 22, 2021, but February 22, 2021."[24] Because Plaintiff filed suit on January 25, 2021, he contends that his claim is not prescribed.[25]

**B.     *Defendants' Arguments in Opposition to the Motion***

In opposition, Defendants first argue that Plaintiff waived the argument that the Louisiana Supreme Court suspended prescription because Plaintiff failed to raise it in the Complaint or the opposition to Defendants' motion to dismiss.[26] Defendants point out that Plaintiff's opposition to the motion to dismiss was filed on April 27, 2021, "well after the [Louisiana Supreme Court Order] was issued," and Plaintiff "could have and should have raised the argument" for the Court to consider on the motion to dismiss.[27] Because Plaintiff did not do so, Defendants argue that Plaintiff has waived that argument.[28]

---

[21] *Id.*

[22] *Id.* at 4.

[23] Rec. Doc. 21-2.

[24] Rec. Doc. 21-1 at 4.

[25] *Id.*

[26] Rec. Doc. 22 at 3.

[27] *Id.*

[28] *Id.*

Defendants further argue that even if that argument was not waived, the Louisiana Supreme Court Order did not apply to Plaintiff's deadline for filing this lawsuit.[29] Defendants argue that the Louisiana Supreme Court Order suspended prescriptive periods starting on August 21, 2020, and terminated thirty days later on September 20, 2020.[30] Because Plaintiff's deadline for filing suit was January 22, 2021, Defendants argue that Plaintiff's claims did not prescribe when the Order was in effect, and thus the order is inapplicable.[31]

Alternatively, Defendants contend that "[e]ven if Plaintiff's claim was somehow suspended by the [Louisiana Supreme Court] Order," that order was passed pursuant to Louisiana Civil Code Article 3472.1, which Defendants contend  requires a Plaintiff to file "within sixty (60) days from the date that suspensive period terminates."[32] Accordingly, because the Louisiana Supreme Court Order terminated on September 20, 2020, Defendants contend that Plaintiff had to file by November 19, 2020.[33] Because Plaintiff failed to do so, Defendants contend that the Louisiana Supreme Court Order does not permit Plaintiff's suit.[34]

Next, Defendants argue that Plaintiff cannot rely on Louisiana Civil Code Article 3472 to support the timeliness of Plaintiff's filing.[35] Defendants acknowledge that Article 3472 provides that "[t]he period of suspension is not counted toward accrual of prescription. Prescription

---

[29] *Id.* at 4.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 5.

[34] *Id.*

[35] *Id.*

commences to run again upon the termination of the period of suspension."[36] However, Defendants contend that Article 3472.1 "controls and preempts Article 3472," because Article 3472.1 is "specifically directed to the suspension of prescription and preemption by the Louisiana Supreme Court when a state of emergency or disaster has been issued, while Article 3472 discusses the effect of suspension of prescription generally."[37] Given the rule of statutory interpretation that a statute that is "specifically directed to the matter at issue must prevail" over a more general statute, Defendants argue that 3472.1 is controlling.[38]

Lastly, Defendants argue that Plaintiff has not shown that this Court committed a manifest error of law or fact.[39] Defendants contend that Plaintiff's "remaining non-waived" arguments merely restate arguments that were considered and rejected by the Court when ruling on the motion to dismiss.[40] Defendants argue that Plaintiff's claim that JBE 2020-84 is not an extension of 2020-30 is erroneous.[41] Defendants contend that "tracing the relevant proclamations reflects that it is clearly an extension of JBE 2020-30."[42] Therefore, Defendants contend that there was no error of law or fact, and argues that reconsideration should be denied.[43]

---

[36] *Id.*

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 8.

[42] *Id.*

[43] *Id.* at 9.

### III. Legal Standard

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[44] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[45]   Plaintiff brings this motion under Federal Rule of Civil Procedure 59, which allows courts to alter or amend judgments after entry.

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[46] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[47] with relief being warranted only when the basis for relief is "clearly establish[ed]."[48] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration:

> (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2)    the movant presents newly discovered or previously unavailable evidence;
>
> (3)    the motion is necessary in order to prevent manifest injustice; or

---

[44] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[45] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).

[46] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[47] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

[48] *Schiller v. Physicians Res. Grp, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).

(4)     the motion is justified by an intervening change in controlling law.[49]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[50] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[51] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[52] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[53]

## IV. Analysis

Plaintiff seeks reconsideration of the Court's October 18, 2021 Order and Reasons granting Defendants' motion to dismiss.[54] In that Order and Reasons, the Court found that Plaintiff's claims had prescribed because Plaintiff did not file suit within one year of the accident, as required by Louisiana Civil Code Article 3492.[55] Furthermore, the Court found that this prescription period was not suspended by the proclamations issued by Governor Edwards and later ratified by the

---

[49] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4  (citations omitted).

[50] *Templet*, 367 F.3d at 478–79.

[51] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).

[52] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[53] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[54] Rec. Doc. 19.

[55] *Id.* at 6.

legislature.[56] The Court found that the proclamations issued by the governor suspending legal deadlines, and all extensions thereof, as well as Louisiana Revised Statute §§ 9:5828–5830, suspended "only those deadlines that expired between March 17, 2020, and July 5, 2020."[57] Because the time for Plaintiff to file suit did not expire within this time period, and Plaintiff filed his claim more than a year after the accident, the Court found that Plaintiff's claims had prescribed.[58]

Plaintiff seeks reconsideration of that decision for several reasons. First, Plaintiff argues that Louisiana Revised Statutes §§ 9:5828–5830, which limited the Governor's orders to apply only to deadlines that would have "expired during the time period of March 17, 2020, through July 5, 2020," are "inherently incongruent" with Article 3472.[59] Article 3472 provides that "the period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension."[60]

Second, Plaintiff argues that Governor Edwards' Order JBE 2020-84 separately suspended the prescriptive period for his claim.[61] Plaintiff argues that the limitations in Sections 9:5828–5830 apply only to extensions of JBE 2020-30, and JBE 2020-84 was not an extension of JBE 2020-30.[62]

---

[56] Id.

[57] Id. at 8–10.

[58] Id. at 10.

[59] Rec. Doc. 21-1

[60] La. Civ. Code. Art 3472.

[61] Rec. Doc. 21-1 at 3–4.

[62] Id.

The Court considered and rejected both of these arguments in the October 18, 2021 Order. First, the Court noted that "the legislative notes to Louisiana Revised Statutes §§ 9:5828–5830 make clear that Louisiana Revised Statutes §§ 9:5828–5830 preempt Article 3472, and thus the statutes apply only to deadlines that expired between March 17, 2020 and July 5, 2020.[63] Furthermore, the Court found that JBE 2020-84 "is one of many extensions of the 2020-30 Proclamation," and is subject to the limitation only suspending deadlines that expired between March 17, 2020 and July 5, 2020.[64]

"It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[65] Plaintiff presents no manifest error of law or fact, newly discovered evidence, risk of manifest injustice, or intervening change in controlling law that would warrant reconsideration of the Court's October 18, 2021 Order. Instead, Plaintiff disagrees with this Court's Order and seeks to relitigate the motion to dismiss by putting forth the same arguments this Court has already considered and rejected. Indeed, Plaintiff's motion for reconsideration "adopts its Opposition to Defendant's 12(b)(6) motion by reference as though fully plead herein."[66] This is not a proper use of a motion for reconsideration. Therefore, the Court declines to reconsider its October 18, 2021 Order on these grounds.

Plaintiff does raise one new argument not addressed in the Court's prior order. Plaintiff argues that the prescriptive period for his claim was separately suspended by the Louisiana Supreme Court's August 28, 2020 Order related to Hurricane Laura. That order provided:

---

[63] Rec. Doc. 19 at 9 n. 46.

[64] *Id*. at 10.

[65] *Helena Labs. Corp.*, 483 F. Supp. 2d at 539 (citing *Browning*, 894 F.2d at 100).

[66] Rec. Doc. 21-1 at 1.

10

> Emergency suspension of prescription and peremption: All prescriptive and peremptive periods are hereby suspended statewide for a period of thirty days commencing from the Governor's August 21, 2020 declaration of state of emergency.

Plaintiff argues that under this order, his claim would not prescribe until February 22, 2021, rather than January 22, 2021.[67]

As discussed above, a motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[68] Plaintiff did not raise this argument in opposition to the motion to dismiss. Plaintiff's opposition was filed on April 27, 2021, almost eight months after the Louisiana Supreme Court's order was issued. Therefore, this argument could have been offered prior to the entry of judgment and is not properly raised in a motion for reconsideration.

In any event, this argument is meritless. The Louisiana Supreme Court Order is governed by Louisiana Civil Code article 3472.1, which authorizes the Louisiana Supreme Court to suspend prescriptive and peremptive periods, provided that "the right to file any pleading subject to the suspension … shall terminate sixty days after the termination of the suspension."[69] The Louisiana Supreme Court Order suspended prescriptive and peremptive periods for thirty days starting on August 21, 2020.[70] Thus, that suspension terminated on September 20, 2020. Plaintiff filed suit on January 25, 2021, which is more than sixty days after termination of the suspension. Therefore, the Louisiana Supreme Court Order did not preserve Plaintiff's claim.

---

[67] *Id*. at 4.

[68] *Templet*, 367 F.3d at 478–79.

[69] La. Civ. Code. art. 3472.1.

[70] Rec. Doc. 21-2.

## V. Conclusion

For the reasons discussed above, Plaintiff has not shown that reconsideration of the Court's

October 18, 2021 Order is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Rule 59 Motion for New Trial and to

Reconsider the Court's Ruling on Defendant's 12(b)(6) Motion to Dismiss"[71] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this ___13th___ day of May, 2022.

_____

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[71] Rec. Doc. 21.

12